IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KYLE HAMILTON BATEMAN, ) | |
| ID # 05036940, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:05-CV-1423-N |
| ) | |
| LUPE VALDEZ, Dallas County Sheriff, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254 to challenge a State contempt order.

**B. Parties**: Petitioner is an inmate currently incarcerated in the Dallas County Jail. Respondent is Lupe Valdez, Dallas County Sheriff.

**C. Statement of the Case:** On May 9, 2005, petitioner was sentenced to 180 days imprisonment for contempt of court based on his failure to obey a court order to pay child support. (Pet. Writ of Habeas Corpus (Pet.) at 2, 7.) He did not appeal the conviction. (*Id.* at 3.) Although he filed a state application for writ of habeas corpus, his habeas attorney withdrew the application before the state court ruled on it. (*Id.* 3-4.) On July 15, 2005, the Court received the instant federal petition for writ of habeas corpus. (Pet. at 1.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). With respect to challenging a Texas order of contempt, one exhausts state remedies under Texas law by presenting a state habeas application to the Texas Supreme Court. *Ridgway v. Baker*, 720 F.2d 1409, 1412-13 (5th Cir. 1983); *English v. Bowles*, No. 3:03-CV-0876-K, 2003 WL 21955865, at *3 (N.D. Tex. Aug. 14, 2003), *adopted by* 2003 WL 22425029 (N.D. Tex. Aug. 26, 2003). To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented his claims to the Texas Supreme Court. His only state writ was withdrawn without consideration of the merits. The Texas Supreme Court has thus had no opportunity to consider the claims raised by petitioner in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal habeas petition that contains unexhausted

claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Because petitioner has not fairly presented any claim to the Texas Supreme Court, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 20th day of July, 2005.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE